UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| J.J.,[1]<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 25-cv-06625-PHK<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**<br><br>Re: Dkt. 1 |

In this action under the Social Security Act, 42 U.S.C. § 405(g), Plaintiff J.J. seeks judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for disability insurance benefits. [Dkt. 1]. The Court separately granted Plaintiff's application to proceed *in forma pauperis* ("IFP"), in accordance with 28 U.S.C. § 1915(a). [Dkt. 5]. The Court now undertakes a determination of whether Plaintiff's Complaint must be dismissed pursuant to the requirements of § 1915(e)(2)(B).

Any complaint filed pursuant to the IFP provisions of § 1915(a) is subject to mandatory review by the Court and *sua sponte* dismissal if the Court determines the complaint is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Complaints in social security cases are not exempt from this screening requirement. *See Calhoun*

---

[1] In actions involving requested review of a decision by the Commissioner of the Social Security Administration, the Court generally uses the first name and initial of last name (or just both initials) of the Plaintiff in the Court's public Orders out of an abundance of caution and out of regard for the Plaintiff's potential privacy concerns.

*v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *see also Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012)) ("Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits.").

As an initial matter, the Court finds that the instant Complaint does not "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). First, the Complaint does not seek monetary relief in the form of damages from the Commissioner, but rather seeks a judgment and order reversing the Commissioner's decision on the benefits at issue. [Dkt. 1]. Second, the Commissioner is not immune from the relief requested. To the contrary, the Social Security Act expressly authorizes federal judicial review of "any final decision of the Commissioner of Social Security made after a hearing to which [the plaintiff] was a party." 42 U.S.C. § 405(g).

For similar reasons, the Court finds that Plaintiff's Complaint is not frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). That is, a "case is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Andrews v. King*, 398 F.3d at 1121. As noted, § 405(g) provides the legal basis for Plaintiff's request for judicial review of the Commissioner's decision at issue. The Complaint therefore readily has an arguable basis in law. Further, the Commissioner's final decision denied Plaintiff the requested benefits, and (as discussed further below) Plaintiff's Complaint raises factual bases and arguments as to why that final decision is allegedly incorrect. *See* Dkt. 1. Thus, the Court finds that the Complaint has an arguable basis in law and fact under § 1915(e)(2)(B)(i).

The Court next considers whether Plaintiff's Complaint is "malicious." 28 U.S.C. § 1915A(b)(1). A complaint is malicious "if it was filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citations omitted). The Complaint here has no indicia that Plaintiff has an "intention or desire to harm another" through this action, such as by being duplicative. *Cf. Morris v. Nev. Gaming Control Bd.*, No. 3:16-cv-00604-MMD-VPC, 2017 WL 2882704, at *2 (D. Nev. July 5, 2017*), report and recommendation*

2

*adopted*, 2017 WL 4532152 (D. Nev. Oct. 10, 2017) ("The court notes that duplicative litigation by a plaintiff proceeding *in forma pauperis* may be dismissed as malicious under 28 U.S.C. § 1915(e)."). Rather, the Complaint indicates Plaintiff's desire to obtain reversal of a ruling denying them disability insurance benefits. Based on the analysis of the averments of the Complaint detailed below, the Court finds that Plaintiff's Complaint is not malicious. 28 U.S.C. § 1915(e)(2)(B)(i).

As in most social security cases, the bulk of the § 1915(e)(2)(B) screening determination focuses on whether the Complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Determining whether a complaint satisfies this requirement is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted). The context here is guided by the fact that this is a social security disability appeal brought by an indigent plaintiff. "Although a complaint in a social security disability appeal may differ in some ways from complaints in other civil cases, it is 'not exempt from the general rules of civil pleading.'" *Lynnmarie E. v. Saul*, No. 21-cv-00244-JLB, 2021 WL 2184828, at *2 (S.D. Cal. May 28, 2021) (quoting *Hoagland*, 2012 WL 2521753, at *2).

In reviewing a complaint for these purposes, "[t]he standard for determining whether a plaintiff has failed to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)). Under the familiar standards under Rule 12(b)(6), a motion to dismiss tests whether a claim satisfies the minimum pleading standard for that claim. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) ("A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'").

The requisite minimum pleading standard varies depending on the type of cause of action at issue. *Iqbal*, 556 U.S. at 679. The currently applicable minimum pleading standard for social security complaints is set forth in the Supplemental Rules for Social Security Actions Under 42

U.S.C. § 405(g). *See Giselle N. v. Kijakazi*, 694 F. Supp. 3d 1193, 1197 (N.D. Cal. 2023). Under Supplemental Rule 2(b)(1), "[t]he complaint must: (A) state that the action is brought under § 405(g); (B) identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision; (C) state the name and the county of residence of the person for whom benefits are claimed; (D) name the person on whose wage record benefits are claimed; and (E) state the type of benefits claimed." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1). Additionally, Supplemental Rule 2(b)(2) provides that the complaint "*may* include a short and plain statement of the grounds for relief." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(2) (emphasis added). Accordingly, for purposes of § 1915(e)(2)(B)(ii), the Court looks to Supplemental Rule 2(b)(1)'s requirements to determine whether Plaintiff's Complaint sufficiently states a claim for relief. *Giselle N.*, 694 F. Supp. 3d at 1197.

As discussed above, Supplemental Rule 2(b)(1) first requires that a social security complaint "state that the action is brought under § 405(g)." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(A). In the instant Complaint, Plaintiff states that they are "seeking court review of the decision of the Commissioner of Social Security pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C.A. § 405(g)) and 28 U.S.C.A. § 1361." [Dkt. 1 at ¶ 1]. Accordingly, the Court finds that Plaintiff's Complaint satisfies the first pleading requirement of Supplemental Rule 2(b)(1).

Supplemental Rule 2(b)(1) next requires that a social security complaint "identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(B). Here, the Complaint indicates that Plaintiff seeks review of a hearing examiner's adverse decision, dated October 16, 2024, denying Plaintiff's application for benefits, which became the final decision of the Commissioner for purposes of judicial review on June 10, 2025. [Dkt. 1 at ¶¶ 5-9]. The Complaint includes Plaintiff's alleged disability onset date, as well as the date of Plaintiff's hearing before the ALJ, the date the unfavorable decision was issued, and the date the ALJ's decision was affirmed by the Appeals Council. *Id.* To that extent, the Complaint satisfies supplemental Rule 2(b)(1).

However, the Complaint identifies Plaintiff with an entirely different first and last name

that that which appears on both the docket itself and on Plaintiff's IFP application. *Compare* Dkt. 1 at ¶ 3, *with* Dkt. 2 at 1.  The Complaint provides no further information or explanation as to Plaintiff's true identity or legal name, nor does the Complaint explain this discrepancy.  Perhaps this confusion is the result of inadvertent typographical errors; perhaps there is a substantive reason for the different naming.  As presented in the Complaint, there is no way for the Court to make a determination.  As such, the confusion as to Plaintiff's name and identity renders the Complaint insufficient to the extent the lack of clear identity of the Plaintiff's name impedes the requisite identification of the final decision being reviewed.  Accordingly, the Court finds that the information in the Complaint fails to satisfy the second requirement of Supplemental Rule 2(b)(1) to the extent the Plaintiff's name is not clear based on the record presented.

Supplemental Rule 2(b)(1) next requires that a social security complaint "state the name and the county of residence of the person for whom benefits are claimed" and "name the person on whose wage record benefits are claimed." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(C).  As noted, the Complaint identifies Plaintiff with an entirely different first and last name than that which appears on other filings in this case.  Further, the Complaint does not specify the individual "on whose wage record benefits are claimed." *Id.*  Accordingly, the Court finds that Plaintiff's Complaint fails to satisfy the third and fourth requirements of Supplemental Rule 2(b)(1) to the extent there is a failure to state Plaintiff's name adequately and a corresponding failure to name the person on whose wage record benefits are claimed.

Finally, Supplemental Rule 2(b)(1) requires that a social security complaint "state the type of benefits claimed." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(E).  Here, Plaintiff's Complaint identifies the type of benefits at issue as disability insurance benefits.  [Dkt. 1 at ¶¶ 5, 13]. Accordingly, the Court finds that Plaintiff's Complaint satisfies the final pleading requirement of Supplemental Rule 2(b)(1).

For all the foregoing reasons, the Court finds that Plaintiff's Complaint fails to satisfy all the requirements of Supplemental Rule 2(b)(1), and thus, fails to satisfy the minimum pleading requirements to state a claim for relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, **IT IS ORDERED THAT:**

1. Plaintiff's Complaint [Dkt. 1] is **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to adequately state a claim for relief.
2. Plaintiff is **GRANTED LEAVE** to file an amended complaint that corrects and adequately addresses the issues discussed herein by no later than **November 12, 2025** (unless extended by Court order).
3. If Plaintiff does not file an amended complaint by the ordered deadline or if Plaintiff cannot cure the identified deficiencies, that may result in negative consequences for this case, including but not limited to a recommendation by this Court that this action be dismissed either in whole or in part.

**IT IS SO ORDERED.**

Dated:  October 7, 2025

_____
PETER H. KANG
United States Magistrate Judge